**OFFICE OF THE CLERK**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
POST OFFICE BOX 1636
BRUNSWICK, GEORGIA 31521

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

JACKSONVILLE FL 320

RETURN TO SENDER
reason checked

18 JUN 2022 PM 3 L

neopost
06/17/2022
US POSTAGE $000.53⁰

FIRST-CLASS MAIL



ZIP 31520
041L11254093

Unclaimed_____ Refused_____
Addressee Unknown_____
Insufficient Address_____
No longer at this address_____
Unauthorized material_____

NIXIE          322    DE  1          0006/29/22

RETURN TO SENDER
NO MAIL RECEPTACLE
UNABLE TO FORWARD

BC: 31521163636        *1638-02182-18-41



INSPECTED
BY

4:20-cv-149

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2022 JUL -1 P 12: 27

CLERK_____
SO. DIST. OF GA.

Jabbar Muhammed Ali Williams x0116692
Chatham County Detention Center
1050 Carl Griffin Drive
Savannah , GA 31405

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JABBAR MUHAMMAD ALI WILLIAMS, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CV420-149 |
| JOHN WILCHER, SHERIFF, | ) ) | |
| Respondent. | ) | |

## ORDER

*Pro se* petitioner Jabbar Muhammad Ali Williams filed this 28 U.S.C. § 2254 petition challenging the validity of a 2016 state-court conviction. *See* doc. 1 at 1. The procedural history Williams alleges is convoluted. *See id.* at 2-7, 16. Because it did not plainly appear from the face of Williams' Petition that he was not entitled to relief, the Court directed the Attorney General to respond. Doc. 2. An Assistant Attorney General has filed correspondence addressed to the undersigned that indicates that Williams is not in the custody of the State of Georgia, but the Sheriff of Chatham County. *See* doc. 3. The correspondence also

informs the undersigned that the Attorney General is not authorized to represent the Sheriff in this matter. *See id.*

"In every case, the clerk must serve a copy of the petition and any order on the respondent and the attorney general or other appropriate officer of the state involved." Rule 4, Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 2252 ("Prior to a hearing of a habeas corpus proceeding in behalf of a person in custody of State officers or by virtue of State laws notice shall be served on the attorney general or other appropriate officer of such State as the justice or judge at the time of issuing the writ shall direct."); Rule 4, Rules Governing Section 2254 Cases, advisory committee's note to 2004 amendment ("[T]he current requirement that the petition be sent to the Attorney General of the state has been modified to reflect practice in some jurisdictions that the appropriate state official may be someone other than the Attorney General, for example, the officer in charge of a local confinement facility."). Given the Attorney General's correspondence, and given the Petitioner's identification of Sheriff Wilcher as the respondent, the Court concludes that, for purposes of service, the Sheriff is an "other

2

appropriate officer." The Court will, therefore, direct service of the Petition on Sheriff Wilcher.

Accordingly, the Court **DIRECTS** the United States Marshal to personally serve copies of the Petition, doc. 1, the Court's prior Order, doc. 2, the Attorney General's correspondence, doc. 3, and this Order upon Chatham County Sheriff John Wilcher. The Marshal is **DIRECTED** to submit proof of service, *i.e.* an executed form USM 285, to the Clerk of Court and the Clerk is **DIRECTED** to place that proof on the docket. The Clerk is further **DIRECTED** to mail courtesy copies of those pleadings to Sheriff Wilcher by certified mail. Finally, the Clerk is **DIRECTED** to docket the mailing and any return receipt.

Respondent Wilcher is **ORDERED**, within 60 days of the Marshal's service of the Petition upon him, to file a response and to show cause why the relief sought should not be granted. The answer shall conform to the requirements of Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts. Respondent shall furnish with the answer a copy of any trial transcripts, the transcripts of any state habeas corpus proceedings and orders of the state court denying the writ, and, if the petitioner appealed from the judgment of conviction or from an adverse

judgment or order in a post-conviction proceeding, a copy of all appellate

briefs and of the opinion of the appellate court, if any. Williams is

**DIRECTED** to file his reply to the Respondent's answer or other

pleading no later than 30 days from the date that answer or other

pleading is served. Rules Governing Section 2254 Cases, Rule 5(e).

      **SO ORDERED**, this <u>17th</u> day of June, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4