# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JABBAR MUHAMMED ALI WILLIAMS, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CV420-149 ) |
| JOHN WILCHER, | ) ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Jabbar Muhammed Ali Williams filed a 28 U.S.C. § 2254 petition alleging various defects in his 2016 conviction in Chatham County. *See generally* doc. 1. After the Court directed service of the Petition on Sheriff Wilcher, *see* doc. 4, multiple documents mailed to Williams by the Clerk of Court were returned as undeliverable. Docs. 5 & 7. Respondent moved to dismiss the Petition as moot because "Petitioner was released from Chatham County Detention Center on a court subpoena . . . ." Doc. 8 at 1. Respondent contends that the "release" renders the Petition moot. *Id.* Respondent subsequently filed an

amended Motion to Dismiss, asserting substantially identical grounds.[1] *See* doc. 10.  The Clerk is **DIRECTED** to **TERMINATE** the prior Motion to Dismiss as withdrawn.  Doc. 8.  Williams did not respond to either Motion.  *See generally* docket.

 Despite Respondent's assertion that Williams' release renders his Petition moot, doc. 10 at 1, this Court has recognized that, in at least some circumstances, a petitioner's "release does not render his petition moot because the ongoing collateral consequences of a wrongful conviction, such as the possible enhancement of a later criminal sentence satisfy Article III's case-or-controversy requirement," *Burns v. Nail*, 2017 WL 360922, at *1 (S.D. Ga. Jan. 6, 2017) (internal quotes and citation omitted).  Moreover, although Respondent provides a last known address for Williams at a private residence, the nature of the alleged "release[ ] . . . on a court subpoena" is simply not clear. Doc. 10 at 1.  To the extent that Respondent's Motion seeks dismissal of the Petition on mootness, therefore, it should be **DENIED**.  Doc. 10.

---

[1] The amended Motion to Dismiss states that it was submitted in order to remove the signature of an attorney not admitted to practice before this Court.  *See* doc. 10 at 1; *see also* doc. 9 (Clerk's Deficiency Notice).

Despite the Respondent's failure to assert a meritorious basis to dismiss the Petition, Williams has failed to prosecute this case. This Court has the authority to prune cases from its dockets where parties have failed to prosecute their cases. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992); *see also, e.g., Allen v. Tatum*, 2014 WL 5308010, at *1 (S.D. Ga. Sept. 22, 2014), *adopted* CV414-169, doc. 12 (S.D. Ga. Oct. 2, 2014) (dismissing § 2254 petition, pursuant to Rule 41(b), for failure to prosecute). Williams' failures to keep the court apprised of his current address and to respond to the Respondent's motions constitute failure to prosecute. *See Demetrius v. Cook*, 2022 WL 16985006, at *3 (S.D. Ala. Oct. 17, 2022) (recommending dismissal of habeas petition, pursuant to Rule 41(b), because, among other reasons, petitioner "never notified the Court of his release . . ."); *Ikpemgbe v. New York*, 2021 WL 4198409, at *1 (S.D.N.Y. Sept. 15, 2021) (dismissing § 2254 petition, pursuant to Rule 41(b), where petitioner failed to respond to a motion to dismiss, was

released, and failed to keep the court apprised of his current address); *see also* S.D. Ga. 11.1 (imposing "a continuing obligation to apprise the Court of any address change."). Petitioner's case should therefore be **DISMISSED** without prejudice for failing to prosecute his case.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 11th day of January, 2023.

*/s/ Christopher L. Ray*
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia